STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
www.StillmanLegalPC.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

| | |
|---|---|
| JANNET VILLAR ALVAREZ, *individually and on behalf of others similarly situated* | **COLLECTIVE ACTION UNDER 29 U.S.C.§ 216(b)** |
| *Plaintiff,* | **COMPLAINT** |
| -against- | |
| ANTOJITOS FOOD SUPPLY COMPANY (DBA ANTOJITOS FOOD SUPPLY) YUDELCA BATISTA and JOEL DIAZ. *Defendants.* | |

-----------------------------------------------------------------X

Plaintiff JANNET VILLAR ALVAREZ individually and on behalf of others similarly situated (collectively the "Plaintiff"), by and through their attorneys, Stillman Legal PC., allege upon her knowledge and belief, and as against ANTOJITOS FOOD SUPPLY COMPANY, (together, hereinafter "ANTOJITOS FOOD SUPPLY" or "Defendant Corporation") YUDELCA BATISTA and JOEL DIAZ (each an "Individual Defendants") collectively with Defendant Corporations, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1) Plaintiff was an employee of Defendants ANTOJITOS FOOD SUPPLY COMPANY (DBA ANTOJITOS FOOD SUPPLY) YUDELCA BATISTA and JOEL DIAZ.

2) Defendants own, operate, or control a catering style restaurant located at

are located at 340 E 174th St, Bronx, NY 10457.

(https://www.instagram.com/antojitosfoodsupply/?hl=en)

3) Upon information and belief, Individual Defendants YUDELCA BATISTA and JOEL DIAZ serve or served as owner, manager, principal, or agent of Defendants ANTOJITOS FOOD SUPPLY, and through the corporate entity operates or operated the managing buildings business firm as a joint or unified enterprise.

4) Plaintiff was an employee of the Defendants. She was primarily employed to prepare snacks (such as yuca and plaintain)

5) Plaintiff worked for Defendants from October 2020 until March 20th, 2022. Every week that she worked for Defendants, she worked in excess of 40 hours per week. Defendants failed to maintain accurate recordkeeping of her hours worked and failed to pay Plaintiff appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium. Further, the Defendants failed to pay Plaintiff the required "spread of hours pay for any day in which she had to work over 10 hours a day.

6) Defendants' conduct extended beyond Plaintiff to all other similarly situated employees. At all times relevant to this complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work in excess of 40 hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

7) Plaintiff now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C.§ 201 *et seq.*("FLSA"), and for violations of the N.Y. Lab.Law §§ 190 *et seq.*and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP.CODES R.& REGS. tit.12, § 142-2.4 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

8) Plaintiff seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

9) This Court has subject matter jurisdiction pursuant to 29 U.S.C.§ 216(b) (FLSA), 28 U.S.C.§ 1337 (interstate commerce) and 28 U.S.C.§ 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C.§ 1367(a).

10) Venue is proper in this District under 28 U.S.C.§ 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

11) Defendants maintain their company headquarters and offices within this district, and Defendants operate a business located in this district. Further, Plaintiff was employed by Defendants in this District.

## PARTIES
*Plaintiff*

12) Plaintiff JANNET VILLAR ALVAREZ ("Plaintiff VILLAR") is an adult individual residing in Bronx County. Plaintiff VILLAR was employed by Defendants from approximately October 2020 until March 2022. Plaintiff was primarily hired to prepare snacks (like Plantain and Yuca) for Defendants catering style restaurant.

*Defendants*

13) Defendants own, operate, or control a catering-style restaurant under the name "ANTOJITOS FOOD SUPPLY" at all times relevant to this complaint.

14) Upon information and belief, ANTOJITOS FOOD SUPPLY COMPANY is a corporation organized and existing under the laws of the State of New York. It maintains its principal place of business at 340 E 174th St Bronx, NY 10457.

15) Upon information and belief, Defendants YUDELCA BATISTA and JOEL DIAZ are individuals engaging (or who were engaged) in business with this district during the relevant time. Defendants are sued individually in their capacity as owners, officers, and/or agents of the Defendant Corporations. Defendants YUDELCA BATISTA and JOEL DIAZ possess or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendants YUDELCA BATISTA and JOEL DIAZ determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

16) Defendants maintain as their principal place of business a centralized place at 340 E 174th St Bronx, NY 10457. Individuals YUDELCA BATISTA and JOEL DIAZ possess or possessed operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

17) Upon information and belief, Defendants YUDELCA BATISTA and JOEL DIAZ serve or served as the owners of Defendant Corporation.

18) Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

19) Defendants possess or possessed substantial control over Plaintiff (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff, and all similarly situated individuals referred to herein.

20) Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff (and all similarly situated individuals') employers within the meaning of 29 U.S.C.201 *et seq*. and the New York Labor Law.

21) At all relevant times, Defendants were the Plaintiff employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of her employment and determine the rate and method of any compensation in exchange for Plaintiff's services.

22) In the alternative, the Defendants constitute a single employer of the Plaintiff and/or similarly situated individuals.

*Individual Plaintiff JANNET VILLAR ALVAREZ*

23) Plaintiff was an employee of the Defendants and was primarily employed to prepare snacks (like fried Yuca and Plantains) and to clean the restaurant. She seeks to represent a class of similarly situated individuals under 29 U.S.C.216(b).

25) Plaintiff VILLAR worked for Defendants from approximately October 10th 2020

until March 2022. Plaintiff VILLAR worked approximately (10) hours per day, five (5) or six (6) days per week (approximately 50-56 hours per week).

26) Plaintiff was paid $500 per week from the beginning of her employment until on or about September 2021. After many complaints to individual Defendants about her salary, starting September 2021, Defendants paid Plaintiff $600/week for fifty-six (56) hours per week of work or $12 per hour).

27) Plaintiff VILLAR's work duties required neither discretion nor independent judgment.

28) Plaintiff VILLAR worked about fifty-six (56) hours with half an hour break per week without appropriate overtime compensation from October 2020 until her departure in March 2022.

29) Defendants did not provide Plaintiff VILLAR with any document or other statement accounting for her <u>actual hours worked</u> or setting forth the rate of pay for all of her hours.

30) No notification, either in the form of posted notices or other means, was ever given to Plaintiff VILLAR regarding overtime and wages as required under the FLSA and NYLL.

31) Defendants did not provide Plaintiff VILLAR with each payment of wages an An accurate statement of wages, as required by NYLL 195(3).

32) Defendants never provided Plaintiff with written notice of her rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

33) Defendants' pay practices resulted in Plaintiff not receiving payments for all her hours worked, resulting in Plaintiff's effective rate of pay falling below the required minimum

and overtime wage rate.

34) Plaintiff has been a victim of Defendants' common policy and practices violating her rights under the FLSA and New York Labor Law by not paying her the wages, she was owed for the hours she had worked.

   a. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

   b. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

   c. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

   d. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) for overtime due, and (ii) for spread of hours pay.

   e. Defendants did not provide Plaintiff with any document or other statement accurately accounting for her actual hours worked and setting forth rate of minimum wage and overtime wage.

## FLSA COLLECTIVE ACTION CLAIMS

35) Plaintiff brings their FLSA minimum wage, overtime, and liquidated damages claims as a

collective action pursuant to FLSA Section 16(b), 29 U.S.C.§ 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

36) At all relevant times, Plaintiff, and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

37) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FLSA COLLECTIVE ACTION CLAIMS

38) Plaintiff brings her FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C.§ 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

39) At all relevant times, Plaintiff, and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

40) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
**(Violation of the Minimum wage and Overtime Provisions of the FLSA)**

41) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

42) Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

43) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C.§ 255(a)

44) Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Violation of the Minimum wage and Overtime Provisions of the New York Labor Law)**

45) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46) Defendants, in violation of the NYLL § 190 *et seq*.and associated rules and regulations, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

47) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of N.Y.Lab.Law § 663.

48) Plaintiff (and the FLSA class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

49) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50) Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

51) Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**

52) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53) Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout her employment listing, *inter alia*, all her regular and overtime hours of work, her rate of pay, and the basis of pay, in violation of NYLL § 195(3).

54) Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

    a.   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C.§ 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

    b. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

    b.   Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

    c.   Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA class members;

    d.   Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

    e.   Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

    f.   Declaring that Defendants have violated the overtime wage provisions of, and

rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

  g. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

  h. Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

  i. Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

  j. Awarding Plaintiff and the FLSA and class members pre-judgment and post-judgment interest as applicable;

  k. Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

  l. All such other and further relief as the Court deems just and proper.

  m. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of her respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

  n. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

  o. An award of pre-judgment interest of nine percent per annum (9%) pursuant to

the New York Civil Practice Law and Rules §§ 5001-5004;

    p.  An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

    q.  Such other relief as this Court shall deem just and proper.

Dated: New York, New York
April 5, 2022

                                  STILLMAN LEGAL PC

                By:    /s/Lina Stillman
                      Stillman Legal, PC
                      42 Broadway, 12th Floor
                      New York, New York 10004
                      Telephone: 1800-933-5620
                      *Attorneys for Plaintiff*